Andrew A. Harnisch (024957)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 North Central Avenue, 22nd Floor
Phoenix, AZ 85004-0608
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: aharnisch@maypotenza.com

*Counsel for Plaintiff Morgan Courtney Wang*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>NEIL N. SEXTON,<br><br>Debtor.<br><br>_____<br><br>MORGAN COURTNEY WANG,<br><br>Plaintiff,<br><br>v.<br><br>NEIL N. SEXTON,<br><br>Defendant. | Chapter 7<br><br>Case No. 2:21-bk-02123-EPB<br><br>Adv. No. 2:21-ap-00174-EPB<br><br>**RESPONSE TO DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT** |

Plaintiff Morgan Courtney Wang ("Plaintiff"), hereby responds in opposition to Defendant's Neil N. Sexton ("Defendant") Motion to Dismiss Adversary Complaint (the "Motion"). Defendant's Motion is premature and improperly supported by voluminous extrinsic evidence. Because Rule 12(b)(6) (as incorporated by Fed.R.Bankr.P. 7012) does not permit citation to evidence outside the pleadings, the Court should (1) exclude the extrinsic evidence attached to the Motion, (2) decline to convert the Motion into a motion for summary judgment, and (3) deny Defendant's Motion in its entirety.

The following Memorandum of Points and Authorities and this matter's record support this Response.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

This action arises from a catastrophic car accident caused by Defendant which left Plaintiff with permanent and lasting injuries, and Defendant's subsequent campaign to harass, intimidate, coerce, humiliate, and destroy the reputation of Plaintiff. Defendant's actions resulted in a $71 million judgment against him and in favor of Plaintiff. The factual background is set forth in more detail in the Complaint. All of the allegations in the Complaint are assumed to be true for the purposes of Defendant's Motion.

On June 25, 2021, Plaintiff filed the *Complaint to Determine Dischargability of a Debt and to Deny Debtor a Discharge* (the "Complaint"), requesting that the Court determine certain obligations of Defendant to Plaintiff to be non-dischargeable under 11 U.S.C. § 523(a)(6) and that the Court deny Defendant a discharge pursuant to 11 U.S.C. § 727(c) due to certain false statements and claims made in this Court and in a previous bankruptcy proceeding.

On July 28, 2021, Defendant filed his Motion seeking to dismiss the Complaint, alleging that the history of the New York Action bars Plaintiff from seeking damages under Section 523(a)(6) under both the doctrine of issue preclusion/collateral estoppel. Defendant further alleges that the questionable loans from his parents are (i) legitimate claims in this bankruptcy case and (ii) for educational expenses and therefore non-dischargeable under Section 523(a)(8). Consequently, Defendant claims that Plaintiff cannot state a claim for relief pursuant to Rule 12(b)(6).

In support of his Motion, Defendant attached 36 pages of documents, none of which were previously attached to any pleading in this case. The attached

2

Case 2:21-ap-00174-EPB    Doc 5    Filed 08/11/21    Entered 08/11/21 17:24:03    Desc
Main Document    Page 2 of 10

documents include affidavit testimony of purported witnesses, purported court records from the New York Action, and a purported promissory note from Debtor to his parents. Plaintiff has not had the opportunity to test the authenticity of any of the extrinsic documents nor an opportunity to confirm the veracity of the testimony in the affidavits signed by Defendant, Defendant's father, and Defendant's attorney in the New York Action (none of whom can be claimed to be impartial). Similarly, Plaintiff has not had the opportunity to authenticate the verdict sheet or the promissory note that was drafted to memorialize the alleged "student debt" that Defendant owes his parents.

## II. LEGAL ARGUMENT

### A. Standard of Review

Rule 8(a) requires only that a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]ismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005). The court must "draw all reasonable inferences in favor of plaintiff." *Bean v. McDougal Littell*, 538 F. Supp. 2d 1196, 1198 (D. Ariz. 2008). Ultimately, motions to dismiss are disfavored and rarely granted. *Lee v. Fessler*, 2006 WL 8440453, at *1 (D. Ariz. 2006).

### B. The Court should not consider the extrinsic evidence offered in support of Defendant's Motion because these are matters outside the pleadings and Plaintiff has a right to question their authenticity through discovery.

Generally, under Fed.R.Civ.P. 12(b)(6), a court may not consider matters beyond the four corners of the complaint. *See Mortensen v. Home Loan Ctr., Inc.*, 2008 WL 4368665, at *1 (D. Ariz. 2008); *see also* Fed.R.Civ.P. 12(b)(6). Courts do have discretion to consider extrinsic evidence offered in support of a motion to dismiss in certain limited circumstances. *Sternberger v. Gilleland*, 2014 WL 3809064, at *4 (D. Ariz. 2014)). However, if a court decides to consider extrinsic evidence offered by the movant, it must convert the motion to dismiss into a motion for summary judgment. *Id.*; Fed.R.Civ.P. 12(d). The Court may consider extrinsic evidence without converting the motion into a motion for summary judgment only when: (1) the documents are not physically attached to the complaint; (2) the authenticity of the documents is not contested; and, (3) the complaint necessarily relies on the documents. *Traynor v. Winnebago Indus., Inc.*, 2004 WL 1146077, at *2 (D. Ariz. 2004). Courts may also consider matters of judicial notice, such as matters of public record, without converting the motion into a motion for summary judgment. *Id.*

Here, the Court should exclude the extrinsic evidence offered in support of the Motion because no exception applies to the general rule that outside evidence may not be considered in deciding a motion to dismiss. Specifically, none of the 36 pages of documents offered in support of Defendant's Motion are attached to Plaintiff's complaint, Plaintiff has not tested the authenticity and/or veracity of the exhibits attached, the Complaint does not refer to or rely on the extrinsic

4

Case 2:21-ap-00174-EPB    Doc 5    Filed 08/11/21    Entered 08/11/21 17:24:03    Desc
Main Document    Page 4 of 10

documents, and the documents are not subject to judicial notice.[1] After properly excluding such extrinsic evidence, the Court will find that nothing is left of the Motion and that Defendant has utterly failed to show that Plaintiff has failed to state a claim that is plausible on its face.

### C. The Court should not convert Defendant's Motion into a motion for summary judgment because Plaintiff has not had a reasonable opportunity to test the authenticity and veracity of the supporting documents.

Courts have routinely declined to convert a motion to dismiss into a motion for summary judgment when no discovery has been conducted by the parties and when all parties have not been given "a reasonable opportunity to present all the material that is pertinent to the motion." *Sternberger* at *3–4; *See also Baker v. Schriro*, 2008 WL 3877973, at *8 (D. Ariz. 2008) (refusing to convert a motion to dismiss to a summary judgment motion "without first giving Plaintiff the opportunity to take some discovery").

This case is still at its earliest stages and the parties have not conducted any discovery. Plaintiff questions the authenticity and truthfulness of the documents offered by Defendant in support of his Motion. For example, Defendant offered several biased affidavits in support of his Motion, but Plaintiff has not had the opportunity to depose the affiants or otherwise test the veracity of the statements made therein. Defendant also offered a promissory note that was allegedly drafted by him and his parents in support of his claim that the debt he scheduled in favor of his parents is authentic and exclusively for academic expenses. However, Plaintiff has not had the opportunity to take any discovery about this dubious, self-serving document.

---

[1] Defendant has not requested that the Court take judicial notice of any of the records he offered, and they are not subject to such notice.

5

Considering the Motion before providing Plaintiff with an opportunity to test the authenticity of the evidence attached to Defendant's Motion would be premature. The parties should be given a reasonable opportunity to conduct discovery and to provide all the evidence that is pertinent to the Motion, not just a subset of evidence selected by Defendant. Accordingly, the Court should not convert the Motion to a motion for summary judgment.

### D. Even if the Court converts Defendant's Motion into a summary judgment motion, Defendant's arguments have no merit.
#### i. Plaintiff is not precluded from bringing this action because she is not requesting to relitigate the damages in the New York Action.

Defendant admits that he was adjudicated to have committed intentional acts against Plaintiff that exceeded all reasonable bounds of decency. However, Defendant argues, based on an unauthenticated[2] verdict sheet, that the jury awarded no damages because of this conduct. Accordingly, Defendant argues that Plaintiff is prevented from prevailing on her non-dischargeability claim by the doctrine of issue preclusion.

A party asserting issue preclusion bears the burden to establish that the doctrine applies. *In re Harmon*, 250 F.3d at 1245. At a minimum, the proponent must provide "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996). Ultimately, "[a]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect." *Id.*; *see also In re Khaligh*, 338 B.R. at 825 ("[T]he proponent bears the risk of nonpersuasion.").

---

[2] Plaintiff denies that an affidavit of counsel is sufficient to authenticate the verdict sheet.

6

Under similar facts, the Ninth Circuit Bankruptcy Appellate Panel found that issue preclusion does not prevent a bankruptcy court from determining damages in a nondischargeability action where a jury found the defendant liable for an intentional tort but awarded $0 in damages for that tort. *See In re Zeeb*, 2019 WL 3778360, at *6–9 (B.A.P. 9th Cir. 2019), aff'd, 812 F. App'x 476 (9th Cir. 2020). In *Zeeb*, the jury in a state court action had returned a verdict in favor of a plaintiff on both breach of contract and conversion causes of action. *Id.* at *2. The jury awarded monetary damages to plaintiff on the breach of contract counts but awarded $0 on the conversion counts. *Id.* at *2-3. Following the defendant's bankruptcy filing, the plaintiff sought to except the judgment from discharge under 11 U.S.C. 523(a)(6) for "willful and malicious injury" arising from the conversion. *Id.* at *2.

The defendant/debtor argued that plaintiff's claim was barred under the doctrine of issue preclusion, because the jury had previously awarded $0 for the conversion. *Id.* at *4. However, after trial, the bankruptcy court concluded *based upon the entire factual record* that the lack of a monetary award for conversion was to avoid awarding duplicative damages, not because plaintiff was not harmed by the conversion. *Id.* Therefore, the bankruptcy court entered an order excepting the judgment from discharge. *Id.* at *5. The judgment was affirmed by the B.A.P., which rejected the debtor's issue preclusion argument and found the bankruptcy court's interpretation of the verdict well-supported by the record. *Id.* at *6-9. *See also In re Lawson*, 2015 WL 1291366, at *6 (B.A.P. 9th Cir. 2015)(arbitrator's allocation of contract and conversion damages in an arbitration award not entitled to preclusive effect in non-dischargeability action).

Just as in *Zeeb* and *Lawson*, Defendant here has not carried his burden of establishing that the doctrine of issue preclusion applies. Those cases

7

demonstrate that application of issue preclusion depends on a detailed *factual* review of the prior state court proceedings. Not only is the evidence presented here (testimony from a partial witness and an unauthenticated verdict sheet) *not* "sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action," (*Kelly*, 182 B.R. at 258) but it would be premature for the Court to weigh such facts at all at the motion to dismiss stage. Accordingly, the Court should reject Defendant's issue preclusion argument with respect to Plaintiff's claim under 11 U.S.C. 523(a)(6).

### ii. Plaintiff's claim against Defendant for loss of discharge under 11 U.S.C. 727(c) is properly pled and states a claim that is plausible on its face.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Stoker v. Hartford Life & Accident Ins. Co.*, 355 F. Supp. 3d 893, 897 (D. Ariz. 2019). As previously noted, the court must view the allegations in the complaint "in light most favorable to the plaintiff." *Id.*

The allegations in Plaintiff's complaint, if accepted as true, support a denial of Defendant's discharge pursuant to Sections 727(a)(4), (a)(5), and (a)(7). Plaintiff's Complaint points out several glaring inconsistencies in financial disclosures made under oath to the bankruptcy Courts in New Jersey and Arizona. For instance, in his New Jersey schedules (filed in 2016, long after he left college), Defendant listed just $7,326 in student loan debt. That bankruptcy case was dismissed as a bad-faith filing, in part because Plaintiff was the Defendant's only creditor.

Then, in 2020, his student loan debt apparently ballooned to $347,655.00, even though he had not attended any school in the interim. This means that either his New Jersey schedules or his Arizona schedules were false. Defendant

8

Case 2:21-ap-00174-EPB   Doc 5   Filed 08/11/21   Entered 08/11/21 17:24:03   Desc
Main Document    Page 8 of 10

does not even attempt to contest this. Instead, he appears to claim that it was his 2016 schedules that were false, and his schedules in this case true.[3] As support for this factual claim, Defendant submits the testimony of biased witnesses (including himself) and a fishy, post-dated promissory note.

Defendant's resort to testimony of witnesses who have never been deposed, and evidence not in the Complaint, to support a Rule 12 motion to dismiss is self-defeating. Defendant's evidence only raises more questions about the truthfulness of his representations to the Court. Moreover, Defendant does not even try to explain how a debt to his parents could be held to be a non-dischargeable as a student loan debt, since Defendant's parents are not a qualifying institutional lender under Section 523(a)(8). Yet, Defendant listed the alleged debt as a student loan obligation, in an apparent attempt to (1) gin up debts to avoid another dismissal, and/or (2) shield his parents' debt from discharge while wiping out his debt to Plaintiff.

Plaintiff has properly pled facts indicating that Defendant has, among other things, falsified records, made false oaths, and presented a false claim, in this case and/or in a previous bankruptcy case. This is sufficient to state a claim for loss of discharge under 11 U.S.C. § 727(a)(3), (a)(4), and (a)(7).

## III. <u>CONCLUSION</u>

There is no factual or legal justification to dismiss Plaintiff's complaint. Accordingly, Plaintiff respectfully requests that this Court: (1) exclude the extrinsic evidence attached to the Motion, (2) decline to convert Defendant's Motion into a motion for summary judgment, and (3) deny Defendant's Motion in

---

[3] But not completely true, since the amount in the schedules and the amount in the promissory note do not match.

its entirety. In the event that the Court finds that Plaintiff had failed to state a claim with respect to any cause of action, Plaintiff requests leave to amend.

Respectfully submitted this 11th day of August, 2021.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**

By */s/ Andrew Harnisch*
Andrew A. Harnisch
*Counsel for Morgan Courtney Wang*

Original of the foregoing electronically
filed this 11th day of August, 2021, with:

Clerk of the US Bankruptcy Court, District of Arizona

COPY of the foregoing emailed this
same date to:

Chris D. Barski
BARSKI LAW PLC
9375 E. Shea Blvd, Ste 100
Scottsdale, AZ 85260
cbarski@barskilaw.com
*Attorney for Defendant/Debtor Neil Sexton*

/s/ *Michelle Giordano*

10