Chris D. Barski (024321)
**BARSKI LAW PLC**
9375 E. Shea Blvd., Suite 100
Scottsdale, AZ 85260
Tel: (602) 441-4700
Fax: (602) 680-4305
cbarski@barskilaw.com
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| NEIL N. SEXTON, | Case No. 2:21-bk-02123-EPB |
| Debtor. | |
| MORGAN COURTNEY WANG, | Adv. No. 2:21-ap-00174-EPB |
| Plaintiff, | **REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS ADVERSARY COMPLAINT** |
| v. | |
| NEIL N. SEXTON, | |
| Defendant. | |

Plaintiff's opposition to discharge rests not upon the underlying merits of their bare allegations but rather the alleged premature nature of the Defendant's request based upon evidentiary objections. Candidly, the judgment language standing alone is conclusive to establish that there were no damages related to the IIED claim as there was no reference to emotional distress damages sought solely under that claim. Debtor has simply added clarity to the conclusiveness of that judgment by supplementing the record with the jury verdict sheet. Yet, in the face of that evidence, and despite being in the courtroom when the jury verdict was read, Ms. Wang challenges the jury's verdict. Her Section 523 claim is without foundation and frivolous and should lead to sanctions if she unsuccessfully persists with this path.

Moreover, Plaintiff has done nothing to explain the glaring substantive defects in the Section 727(a)(3) and (a)(7) allegations. And the Section 727(a)(4) allegation is deficient and fails to articulate how that allegation impacts the estate or is otherwise material given the context of the Debtor's financial condition. For these reasons, Plaintiff's entire complaint should be dismissed.

## MEMORANDUM OF POINTS AND AUTHORITIES

*A. Standard of Review*

Plaintiff attempts to re-frame the Motion to Dismiss as a pleading standard issue under Rule 8 and *Iqbal/Twombly*.[1] But Mr. Sexton's objections to Plaintiff's allegations are not limited solely to the notice pleading standards. Rather, Mr. Sexton's objections are that even if the Court accepts the Plaintiff's allegations and all inferences therefrom, the allegations are still substantively and legally defective. Plaintiff remains silent in the face of these deficiencies and states only that they are entitled to give notice and go forward with any discovery regardless of the underlying foundation for their claims. This is not the correct approach.

*Iqbal* emphasized that courts should not accept the truth of factual allegations that are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. To illustrate the naked assertions devoid of further factual enhancement, Count Two is focused solely on the false statement allegation under Section 727(a)(4). But it concludes in Paragraph 58 with the allegation that the conduct also violations (a)(3) and (a)(7).[2] This is clearly deficient under *Iqbal*. Yet even if this is correct, the heart of Mr. Sexton's motion to dismiss is based upon the actual substantive allegations had those claims been properly pled.

"[O]ne of the fundamental principles [of] equity jurisprudence is … that before a complainant can have [] standing in court he must first show that … [he has] a good and

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[2] Plaintiff's Response cites a claim under 727(a)(5) which does not appear in the adversary complaint. Debtor believes this was a typo and is not responding anything under 727(a)(5).

meritorious cause of action." *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244 (1933). It follows that a mere allegation, without any showing of merit, is insufficient to properly plead a claim for relief. *Id.* As discussed below, Plaintiff's bare allegations are insufficient to properly state a claim for relief and the adversary complaint must be dismissed.

### B. The Court Need Not Consider Extrinsic Evidence Under Section 523(a)(6) to Dismiss the Intentional Tort Allegation

Although Plaintiff correctly cites the extrinsic evidence rule which converts a Rule 12(b)(6) motion into a summary judgment motion, they noticeably fail to present a defense that would avoid a summary judgment ruling. By baselessly challenging the authenticity of the supporting documents, this Court should then consider the issue under Rule 56. The fatal flaw to Plaintiff's approach is that they have offered no evidence to create a material issue of fact. The state court 'verified complaint' attached to their pleadings requests emotional distress damages only on the IIED claim and the judgment (also attached to their adversary proceeding complaint) reflects that no emotional distress damages were awarded. This is conclusive of the issue. Debtor has properly authenticated the jury verdict sheet under Rule 901(b)(1) and (b)(4), *Fed. R. Evid.* to clarify this conclusion and no additional discovery should be required or allowed to settle this issue.

### C. The 523(a)(6) Claim Can be Summarily Adjudicated Under a Rule 56 Standard as Can the Sections 727(a)(3) and (a)(7) Claims

Plaintiff argues that it is premature to dismiss all claims without "a reasonable opportunity to present all the material that is pertinent to the motion." In doing so, they cite two federal district court civil litigation cases. The problem with that approach is that this is a bankruptcy proceeding and not some new dispute between the parties. The dispute goes back to 2012 and the judgment to 2017. Thus, the allegation that more time is needed to review the jury verdict is misinformed. Ms. Wang knows she was awarded no damages on her IIED claim as she sat in the courtroom when the verdict was read and there is truly no ambiguity in the judgment itself. The only "dispute" in this case is that Ms. Wang refuses to be candid with

this Court that she has no claim because there is no debt. This is not a valid basis to deny consideration of what is a straightforward issue.

Likewise, the Section 727(a)(3) and (a)(7) claims can be summarily adjudicated. Plaintiff does not dispute in their Response that no information was requested of Defendant prior to making the bare Section 727(a)(3) allegation at the end of Count Two. Ms. Wang has have five years to examine the Debtor including four months or more in this bankruptcy proceeding. But nearly two months after bringing this claim, she still cannot assert that she made any request for information or documents. *In re Maier*, 498 B.R. 340 (Bankr. M.D. Fla. 2013) ("A plaintiff, however, must request such records and the defendant must fail to produce them."). Mr. Sexton has no way of responding to this allegation because Plaintiff has not articulated what documents have not been preserved as none have been requested. Plaintiff's Response provides no greater clarity on the issue.

Lastly, Plaintiff provides no substantive response to the Section 727(a)(7) defect which is that the prior case was more than one year prior to this case. Without a substantive response on file, Plaintiff's 727(a)(7) allegation must also be dismissed.

### D. Plaintiff is Barred from Re-Litigating the Intentional Tort Allegations and the Cited Cases are Inapplicable

Plaintiff attempts to argue that she is permitted to re-litigate the jury's findings in this Court. While that would violate *Rooker-Feldman*, the cases cited by Ms. Wang do not support the inapplicability of the doctrines of issue preclusion and claim preclusion.

In *Zeeb*, the amended state court judgment awarded zero damages on the conversion claim pursuant to California's election of damages procedure. In *Zeeb*, one business partner misappropriated inventory and money from the business. There were two actions – breach of contract and conversion – based on the same identical conduct. The Ninth Circuit Bankruptcy Appellate Panel held recognized "[r]ather than construing the award of zero damages on the conversion causes of action as evidence that Farah suffered no damages, the bankruptcy court determined that the jury awarded zero damages simply to avoid an award of duplicative damages for different causes of action based on the same conduct." *Id.* (emphasis added).

This finding was based upon California law and the jury instruction that "[i]f you decide that Samuel Farah has proved both the contract and at least one tort claim, the same damages that resulted from these claims can be awarded only once." *Id.* at 19-20.

*Lawson* was a different scenario where damages were awarded on a conversion claim and a slightly larger amount was awarded on the contract claim. The creditor sought to except from discharge the larger amount based upon a tortious breach of contract theory. The BAP first noted "[t]he underlying acts were the same for both causes of action." *Id.* at 21 (citing Lawson at *2). *Lawson* held that "where a creditor prevails on both contract and tort causes of action" the creditor is not barred from asserting the larger damages amount in under a Section 523(a)(6) 'tortious breach of contract theory.' *Id.* at 23. This is not the case before this Court. In this case, Ms. Wang did not prevail on both causes of action and *Zeeb* and *Lawson* are inapplicable.

Therefore, these cases do not support Ms. Wang's position. First, the underlying facts in this case were different for each cause of action. The underlying conduct was related to different time periods, different facts, and different allegations. Ms. Wang cannot credibly contend that she was awarded $71,000,000 in damages because her friends did not visit her in the hospital some considerable distance away during fall semester at a competitive ivy league institution. Ms. Wang was present in the courtroom when the jury came back and advised that she failed to meet her burden to prove damages related to the alleged intentional conduct. The jury verdict sheet initialed by her counsel, Mr. Ben Rabinowitz, only helps to further clarify the unambiguous form of judgment that followed. The verified complaint requested pain and suffering damages on the negligence claim and emotional distress damages on the IIED claim. The judgment awarded damages for only pain and suffering. No mention was made of emotional distress damages because obviously no damages were awarded. Ms. Wang therefore does not have a "debt" that is eligible to except from discharge under Section 523(a)(6).

*E. Plaintiff Has Failed to Articulate Materiality Regarding the Educational Expenses Under Section 727(a)(4)*

Ms. Wang insinuates that the educational expense obligation is tactical to advance some bankruptcy objective. But Debtor is unaware how this strategy either helps or hurts him. There is also no assertion on the Debtor's bankruptcy schedules as to whether his debt to his parents is dischargeable or non-dischargeable. The schedules merely identify the general nature of the debt. As is commonly done, debtors are required to briefly describe a nature of the debt - whether it be medical debt, utility bills, credit card debt, business or trade debt, etc. Debtor provided a general description of the debt as he was supposed to.

Nor is the Debtor able to verify the Plaintiff's allegation that the debt is non-dischargeable because Debtor's parents are not a "qualifying lending institution." Debtor is not aware of anything under the bankruptcy code holding that loans for educational expenses cannot qualify for discharge if the lender is not an "institution" or if the institution is not "qualified." Candidly, the obligations or a portion thereof may be dischargeable. For example, mixed-use loans are not qualified higher education loans because they are not incurred solely for higher education expenses. Debtor's loans could very likely qualify as "mixed-use" to the extent he could reconstruct how they were used fifteen years ago when he was an eighteen year old kid. But that is an issue between the Debtor and his parents and not Ms. Wang's issue to resolve. It is unclear how this allegation has any bearing on whether the Debtor can meaningfully repay Plaintiff's debt.

Section 727(a)(4)(A) requires that the false oath in question relate to a material fact. A fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." *In re Khalil*, 379 B.R. 163, 173 (9th Cir. BAP 2007) (citations omitted). Ms. Wang cannot meaningfully contend that the student loan issue is material.

Ms. Wang's entire Section 727(a)(4) claim is essentially a claims objection masked as an adversary proceeding. She has no standing to bring a claims objection for educational debt in a no-asset case and it only serves to deflect attention from the reality that the Debtor cannot

afford to pay Ms. Wang her $6,390,000 in yearly interest on her judgment. Nor can he repay the $50,000,000 in past-due interest. Nor can he repay the $71,000,000 in principal due to her. That reality does not change if the debt to Mr. Sexton's parents is dischargeable or not. Debtor's financial reality is that he cannot meaningfully repay Ms. Wang. He is entitled to a discharge and this reality would not be altered if Mr. Sexton had scheduled the obligation to his parents as "unknown" or otherwise estimated the obligations as he has done in this case.

Lastly, Plaintiff alleges that the educational expense debt was intentionally created to avoid a dismissal as in New Jersey. But the New Jersey case was not dismissed because it was a two-party dispute as Plaintiff alleges. Instead, it was dismissed because it was found to be a litigation tactic on the eve of the New York state court trial and because the Debtor testified that he was not then having a problem paying his bills at the time and hence not insolvent. Debtor is not aware of any Ninth Circuit authority that a two-party dispute is a consideration to deny a discharge (or otherwise dismiss a bankruptcy case). Even more, the educational expense debt to the Debtor's parents needs to be put in context. The $300,000 in student loan debt is a mere two weeks of interest on Plaintiff's judgment. It is the equivalent of a $10,000 credit card bill objecting to discharge under Section 727 based upon a $100 medical bill. It is not material to anything alleged in this case when put in context. Truthfully, if Debtor is not entitled to a discharge and burdened by the indefinite interest, the total amount of the debt over the course of his expected life will approach the budgets of some small nation states. But the Debtor is only a computer software engineer who was previously earning a five-figure salary before his recent unemployment. Interest accumulating on the judgment exceeds his annual salary in less than a week. There is no basis to deny the Debtor a discharge when the issues raised are put in this context.

Section 727 is construed liberally in favor of a discharge and strictly against the party objecting to discharge. *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir. 1986). For these reasons, Ms. Wang cannot state a claim under Section 727 and she should not be permitted to turn a claims objection process into a 727 action in a no-asset case.

## CONCLUSION

For these reasons, Mr. Sexton respectfully requests Plaintiff's adversary complaint be dismissed with prejudice and that he be discharged on his debt to Plaintiff.

DATED this August 25, 2021.

**BARSKI LAW PLC**

By: /s/ Chris Barski
Chris D. Barski

ORIGINAL of the foregoing electronically
filed this 25th day of August, 2021, with:

Clerk of U.S. Bankruptcy Court, District of Arizona
https://ecf.azb.uscourts.gov

COPY of the foregoing e-mailed this same date, to:

Andrew A. Harnish, Esq.
May, Potenza, Baran & Gillespie P.C.
201 N. Central Ave., 22nd Floor
Phoenix, AZ 85004
aharnish@maypotenza.com
*Attorney for Plaintiff*

By: /s/ Danae Romero