Andrew A. Harnisch (024957)
**MAY, POTENZA, BARAN & GILLESPIE, P.C.**
1850 North Central Avenue, Suite 1600
Phoenix, AZ 85004-4633
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: aharnisch@maypotenza.com

*Counsel for Plaintiff Morgan Courtney Wang*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NEIL N. SEXTON,<br><br>　　　　　　Debtor.<br>――――――――――――――<br>MORGAN COURTNEY WANG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NEIL N. SEXTON,<br><br>　　　　　　Defendant. | Chapter 7<br><br>Case No. 2:21-bk-02123-EPB<br><br>Adv. No. 2:21-ap-00174-EPB<br><br>**FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT AND TO DENY DEBTOR A DISCHARGE** |

　　　　The plaintiff in this action, Morgan Courtney Wang ("Morgan"), pursuant to the provisions of 11 U.S.C. §§ 523(a)(6) and 727(a), requests that the Court determine certain obligations of Neil N. Sexton ("Defendant") to Morgan to be non-dischargeable. In the alternative, Morgan requests that the Court deny Defendant a discharge pursuant to 11 U.S.C. § 727(c). In support of her Complaint, Morgan states as follows:

/ / /

/ / /

/ / /

## PARTIES, JURISDICTION, VENUE

1. On March 25, 2021 (the "Petition Date"), the Defendant voluntarily petitioned the United States Bankruptcy Court for the District of Arizona for bankruptcy relief under the Bankruptcy Code, commencing Case No. 2:21-bk-02123-EPB.

2. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

4. The Bankruptcy Court has authority to enter final orders and judgments in this adversary proceeding.

## GENERAL ALLEGATIONS

5. On August 20, 2012, Defendant was driving a vehicle with Morgan as the passenger. The parties were travelling from New York City to Ithaca, NY.

6. At the time, Morgan was an undergraduate at Cornell University, and Defendant was a graduate student.

7. They were acquainted through a student club.

8. Defendant failed to keep right and crossed the double yellow line, resulting in a head-on collision with another vehicle travelling in the opposite direction.

9. The collision resulted in the death of a passenger in the other vehicle and catastrophic injuries to Morgan.

10. Morgan sustained severe and permanent injuries to her head, limbs, and spine, resulting in paraparesis and requiring surgical interventions, a prolonged hospital stay, and a lifetime of expensive medical care.

11. Morgan's injuries are of a permanent and lasting nature. The accident and her resulting injuries changed her life forever.

### a. Defendant's Subsequent Campaign of Harassment and Intimidation

12. Following the crash on August 20, 2012, Defendant engaged in a campaign to harass, coerce, isolate and humiliate Morgan.

13. Defendant discouraged Morgan's college friends, mainly the club, from visiting her in the hospital.

14. Defendant was the only one of her friends that visited her in the hospital, aside from her now-husband.

15. Morgan believed that her friends had lost interest and abandoned her as a result of her life-changing injuries.

16. In reality, Defendant was actively defaming Morgan and discouraging her friends from visiting her in an attempt to keep Morgan emotionally reliant on him alone.

17. Defendant cultivated pity by claiming that the crash was a result of a deadly illness he suffered and that he was suicidal for causing her paralysis.

18. Defendant believed that by isolating Morgan and making her dependent on him, he could prevent her from filing a lawsuit as a result of the crash.

19. Defendant's deliberate actions toward Morgan after the accident caused her severe and lasting emotional distress.

### b. Civil Litigation

20. On June 12, 2013, Morgan brought a suit against Defendant for damages in the Supreme Court of the State of New York, County of New York, Case No. 155406/2013 (the "State Court Action").

21. Morgan's complaint stated two causes of action against defendant: negligence and intentional infliction of emotional distress ("IIED").

22. A true and correct copy of Morgan's Complaint is attached hereto as **Exhibit "A."**

23.     On advice of counsel, Defendant refused to sit for a deposition in the State Court Action.

24.     Defendant knew that his refusal to testify would result in adverse consequences at trial.

25.     The Court in fact barred Debtor from testifying at trial.

26.     In later sworn testimony, Defendant testified that his decision not to sit for a deposition and to allow summary judgment to be entered against him on liability was strategic, because being deposed "wouldn't help me."

### c. The New Jersey Bankruptcy Case

27.     On July 18, 2016, Sexton filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court, District of New Jersey, Case No. 16-23768, commencing the "New Jersey Bankruptcy."

28.     The New Jersey Bankruptcy was filed for the purpose of staying the damages trial in the New York Action.

29.     The debts disclosed in Debtor's schedules consisted of (i) an unliquidated claim in favor of Morgan, (ii) credit card debt of $1,000, and (iii) student loans in the aggregate amount of $7,326.

30.     Debtor listed no debts in favor of his parents in the New Jersey Bankruptcy.

31.     Morgan filed a motion to dismiss the New Jersey Bankruptcy as a bad faith filing.

32.     The Court agreed, finding that the petition was filed for the sole purpose of staying liquidation of Morgan's claim in state court, and that the bankruptcy was essentially a two-party dispute because Defendant's other debts were *de minimis*.

33.     The New Jersey Bankruptcy Court dismissed the New Jersey Bankruptcy, thereby allowing the trial to proceed.

### d. Trial and Judgment in Morgan's Favor

34.    On September 28, 2017, the jury in the State Court Action delivered a verdict in Morgan's favor.

35.    Consistent with the verdict, on January 29, 2018 the Court entered judgment in Morgan's favor in the amount of $5,000,000.00 for past pain and suffering, $6,000,000.00 for future pain and suffering, and $60,000,000.00 for future medical expenses, plus interest, costs, and attorneys' fees.

36.    A true and correct copy of the Judgment is attached hereto as **Exhibit "B."**

37.    The monetary award in the Judgment does not differentiate between amounts awarded on account of Defendant's negligence, and amounts awarded on account of the emotional distress inflicted by Defendant's intentional campaign to harass, intimidate, coerce, humiliate, and destroy the reputation of Morgan.

### e. The Arizona Bankruptcy Proceeding

38.    On March 25, 2021, Defendant filed his Bankruptcy Petition in the US Bankruptcy Court, District of Arizona, Case No. 2:21-BK-02123-EPB, commencing this Chapter 7 case.

39.    On March 25, 2021, Defendant filed his Schedules and Statement of Financial Affairs.

40.    The only debts of any import in this case are Morgan's Judgment, which Defendant scheduled at $120,000,000 including interest, and Defendant's parents, who have an alleged scheduled claim of $347,655.

41.    The $347,655 claim scheduled in favor of Debtor's parents is described as a student loan obligation.

42.    Debtor's parents are not a qualified student lender under Section 221 of the Internal Revenue Code and do not otherwise qualify as a student lender within the meaning of 11 U.S.C. § 523(8).

## COUNT ONE

## (Non-Dischargeability Pursuant to 11 U.S.C. 523(a)(6))

43.     Morgan incorporates the allegations contained in paragraphs 1–42 as if fully set forth herein.

44.     Defendant's actions to intimidate, harass, coerce, humiliate, isolate, and destroy the reputation of Morgan constitute willful and malicious injuries inflicted on Morgan.

45.     Defendant was adjudicated to have committed the foregoing intentional acts in the State Court Action.

46.     The Judgment and related findings in the New York Action are *res judicata* and Defendant is estopped from contesting them in this action.

47.     The Judgment is a debt incurred by Defendant as a result of willful and malicious injuries he inflicted on Morgan and is therefore non-dischargeable pursuant to Section 523(a)(6).

## COUNT TWO

## (Loss of Discharge Pursuant to 11 U.S.C. 727(c))

48.     Morgan incorporates the allegations contained in paragraphs 1–47 as if fully set forth herein.

49.     Defendant knowingly falsified information about his financial condition in this bankruptcy proceeding.

50.     Defendant knowingly and fraudulently submitted false claims in this bankruptcy proceeding.

51.     Upon information and belief, Defendant left graduate school in 2012, approximately four (4) years before his first bankruptcy filing.

52.     In his schedules in the New Jersey Bankruptcy, Defendant listed just $7,326 in student loan debt, none of it to his parents.

53.     Debtor claims that "it was always our agreement that I would repay the contributions from my parents for my education upon repaying my other loans."

54.     However, despite this alleged agreement, Debtor failed to list the alleged loans from his parents on his schedules in the New Jersey Bankruptcy.

55.     Although Debtor claims that his promise to reimburse his parents for his education dates back to 2007, the loan was allegedly documented for the first time in 2018.

56.     The alleged promisorry note recites that the principal amount of the debt is $304,758.00 and does not mention educational expenses.

57.     In his schedules in this proceeding, Defendant listed a debt to his parents in the amount of $347,655.00.

58.     The debt to Defendant's parents is designated as a non-dischargeable student loan debt.

59.     Upon information and belief, Defendant was not in college between 2013-2016, when his schedules were filed in the New Jersey Bankruptcy, and 2017-2021, when the schedules were filed in the Arizona bankruptcy, and therefore could not have increased his student loan burden by $340,329.00.

60.     The claim listed in favor of Defendant's parents is knowingly false.

61.     Even if the debt itself is legitimate, the claim does not qualify as a non-dischargeable student loan, because Defendant's parents are not a qualifying institution under Section 523(a)(8).

62.     Upon information and belief, Defendant is attempting to shield questionable obligations owed to insiders (his parents) from discharge, while seeking to discharge legitimate obligations owed to Morgan.

63.     The foregoing is an illegitimate misuse of the bankruptcy system that relies on false accounting and false claims.

64. Upon information and belief, the inclusion of a large illegitimate claim in favor of Debtor's parents constitutes an attempt to falsely inflate the number of creditors in the case to avoid a repeat of his last bankruptcy, which was dismissed as a two-party dispute.

65. The Debtor's listing of the illegitimate debt in favor of his parents constitutes falsification of recorded financial information and supports loss of discharge under 11 U.S.C. § 727(a)(3).

66. Upon information and belief, the promissory note executed by the Debtor in 2018 in favor of his parents is a sham document and not a legitimate refection of an obligation of the Debtor. This falsification of the debtor's financial condition supports loss of discharge under 11 U.S.C. § 727(a)(3).

67. Debtor's schedules were submitted by the Debtor under oath.

68. Debtor's submission of a false claim in his schedules under oath supports loss of discharge under 11 U.S.C. § 727(a)(4)(A) and (B).

69. In the alternative, to the extent that the debt in favor of Debtor's parents is legitimate, his failure to schedule it in the New Jersey Bankruptcy supports loss of discharge under 11 U.S.C. § 727(a)(7)

**WHEREFORE**, Plaintiff Morgan respectfully requests that the Court enter judgment:

(i) declaring Defendant's debt to Morgan under the Judgment to be nondischargeable pursuant to one or more subsections of 11 U.S.C. § 523(a);

(ii) denying Defendant a discharge pursuant to 11 U.S.C. § 727(c); and

(iii) entering such other and further relief as the Court may deem just and proper.

Respectfully submitted this 23rd day of November, 2021.

**MAY, POTENZA, BARAN & GILLESPIE, P.C.**


By/s/_*Andrew A. Harnisch*____
  Andrew A. Harnisch
  *Counsel for Plaintiff Morgan Courtney*
  *Wang*

Original of the foregoing electronically
filed this 23rd day of November, 2021, with:

Clerk of the US Bankruptcy Court, District of Arizona

COPY of the foregoing emailed this
same date to:

Chris D. Barski
BARSKI LAW PLC
9375 E. Shea Blvd, Ste 100
Scottsdale, AZ 85260
cbarski@barskilaw.com
*Attorney for Defendant/Debtor Neil Sexton*

Adam Nach
Lane & Nach, PC
2001 E. Campbell, Suite 103
Phoenix, AZ 85016
Adam.nach@lane-nach.com
*Attorney for Trustee*

*/s/ Michelle Giordano*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

MORGAN COURTNEY WANG,

                                      Plaintiff,

               -against-

NEIL N. SEXTON, PV HOLDING CORP., AVIS
BUDGET CAR RENTAL, LLC, and BUDGET RENT
A CAR SYSTEM INC.,

                              Defendants.

-------------------------------------------------------------------X

Index No.: _____

Date Filed: _____

**SUMMONS**

Plaintiff designates New York
County as the place of trial.

Basis of Venue: Principal place of
business of Avis Budget Car Rental,
LLC

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated: New York, New York
       June 11, 2013

                          GAIR, GAIR, CONASON, STEIGMAN,
                          MACKAUF, BLOOM & RUBINOWITZ
                          Attorneys for Plaintiff

                          BEN B. RUBINOWITZ
                          80 Pine Street, 34th Floor
                          New York, New York 10005
                          (212) 943-1090

TO:

       See Annexed Service List

NEIL N. SEXTON
8 Troy Street
Nashua, New Hampshire 03064

PV HOLDING CORP.
c/o Corporation Service Company
80 State Street
Albany, New York 12207

AVIS BUDGET CAR RENTAL, LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207

BUDGET RENT A CAR SYSTEM, INC.
c/o Corporation Service Company
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MORGAN COURTNEY WANG,

Index No.: _____

                    Plaintiff,

<u>VERIFIED COMPLAINT</u>

       -against-

NEIL N. SEXTON, PV HOLDING CORP., AVIS
BUDGET CAR RENTAL, LLC, and BUDGET RENT
A CAR SYSTEM INC.,

                    Defendants.
-------------------------------------------------------------------X

       Plaintiff, complaining of defendants, by and through her attorneys, GAIR, GAIR,

CONASON, STEIGMAN, MACKAUF, BLOOM & RUBINOWITZ, respectfully shows to this

Court and alleges as follows:

     1.     Upon information and belief, that at all times herein mentioned, defendant, PV

HOLDING CORP., was and still is a business corporation duly organized and existing under and

by virtue of the laws of the State of Delaware.

     2.     Upon information and belief, that at all times herein mentioned, defendant, PV

HOLDING CORP., was and still is a foreign business corporation duly licensed to conduct

business in the State of New York.

     3.     Upon information and belief, that at all times herein mentioned, defendant, PV

HOLDING CORP., was a business entity transacting and/or conducting business within the State

of New York.

     4.     Upon information and belief, that at all times herein mentioned, defendant, PV

HOLDING CORP., was authorized to do business in the State of New York.

     5.     Upon information and belief, that at all times herein mentioned, defendant, PV

HOLDING CORP., did business in the State of New York.

6. Upon information and belief, that at all times herein mentioned, defendant, PV HOLDING CORP., was the owner of a motor vehicle bearing license plate number HZN3718, Pennsylvania.

7. Upon information and belief, that at all times herein mentioned, defendant, AVIS BUDGET CAR RENTAL, LLC, was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

8. Upon information and belief, that at all times herein mentioned, defendant, AVIS BUDGET CAR RENTAL, LLC, was and still is a foreign limited liability company duly licensed to conduct business in the State of New York.

9. Upon information and belief, that at all times herein mentioned, defendant, AVIS BUDGET CAR RENTAL, LLC, was a business entity transacting and/or conducting business within the State of New York.

10. Upon information and belief, that at all times herein mentioned, defendant, AVIS BUDGET CAR RENTAL, LLC, was authorized to do business in the State of New York.

11. Upon information and belief, that at all times herein mentioned, defendant, AVIS BUDGET CAR RENTAL, LLC, did business in the State of New York.

12. Upon information and belief, that at all times herein mentioned, defendant, AVIS BUDGET CAR RENTAL, LLC, was the owner of a motor vehicle bearing license plate number HZN3718, Pennsylvania.

13. Upon information and belief, that at all times herein mentioned, defendant, BUDGET RENT A CAR SYSTEM, INC., was and still is a business corporation duly organized

2

and existing under and by virtue of the laws of the State of Delaware.

14.     Upon information and belief, that at all times herein mentioned, defendant, BUDGET RENT A CAR SYSTEM, INC., was and still is a foreign business corporation duly licensed to conduct business in the State of New York.

15.     Upon information and belief, that at all times herein mentioned, defendant, BUDGET RENT A CAR SYSTEM, INC., was a business entity transacting and/or conducting business within the State of New York.

16.     Upon information and belief, that at all times herein mentioned, defendant, BUDGET RENT A CAR SYSTEM, INC., was authorized to do business in the State of New York.

17.     Upon information and belief, that at all times herein mentioned, defendant, BUDGET RENT A CAR SYSTEM, INC., did business in the State of New York.

18.     Upon information and belief, that at all times herein mentioned, defendant, BUDGET RENT A CAR SYSTEM, INC., was the owner of a motor vehicle bearing license plate number HZN3718, Pennsylvania.

19.     Upon information and belief, that at all times herein mentioned, defendant, NEIL N. SEXTON, operated, managed, maintained and controlled the aforesaid motor vehicle bearing license plate number HZN3718, Pennsylvania.

20.     Upon information and belief, defendant, PV HOLDING CORP., rented a motor vehicle bearing license plate number HZN3718, Pennsylvania, to defendant, NEIL N. SEXTON.

21.     Upon information and belief, that at all times herein mentioned, defendant, NEIL N. SEXTON, operated, managed, maintained and controlled the aforesaid motor vehicle bearing

3

license plate number HZN3718, Pennsylvania, with the permission and consent of defendant, PV HOLDING CORP.

22. Upon information and belief, defendant, AVIS BUDGET CAR RENTAL, LLC, rented a motor vehicle bearing license plate number HZN3718, Pennsylvania, to defendant, NEIL N. SEXTON.

23. Upon information and belief, that at all times herein mentioned, defendant, NEIL N. SEXTON, operated, managed, maintained and controlled the aforesaid motor vehicle bearing license plate number HZN3718, Pennsylvania, with the permission and consent of defendant, AVIS BUDGET CAR RENTAL, LLC.

24. Upon information and belief, defendant, BUDGET RENT A CAR SYSTEM, INC., rented a motor vehicle bearing license plate number HZN3718, Pennsylvania, to defendant, NEIL N. SEXTON.

25. Upon information and belief, that at all times herein mentioned, defendant, NEIL N. SEXTON, operated, managed, maintained and controlled the aforesaid motor vehicle bearing license plate number HZN3718, Pennsylvania, with the permission and consent of defendant, BUDGET RENT A CAR SYSTEM, INC.

26. Upon information and belief, that at all times herein mentioned, Laraine Ericson, operated, managed, maintained and controlled a motor vehicle bearing license plate number CAX2100, New York.

27. That at all times herein mentioned, plaintiff, MORGAN COURTNEY WANG, was a passenger in the aforesaid motor vehicle operated by defendant, NEIL N. SEXTON.

28. That on August 20, 2012, defendant, NEIL N. SEXTON, failed to keep right and

4

crossed a double yellow line while driving the aforesaid motor vehicle bearing license plate number HZN3718, Pennsylvania.

29.    That on August 20, 2012, the aforesaid motor vehicle operated by defendant, NEIL N. SEXTON, collided with the aforesaid motor vehicle operated by Laraine Ericson, on State Route 79 a/k/a Slaterville Road, in the Town of Dryden, State of New York.

30.    That the aforesaid motor vehicle accident on August 20, 2012, was caused or contributed to by the negligence, carelessness and recklessness of the defendants in the ownership, operation, management, maintenance and control of their motor vehicle.

31.    That the foregoing occurrence was caused or contributed to by the willful, wanton, reckless and grossly negligent conduct of defendant, NEIL N. SEXTON, in the operation, management and control of the aforesaid motor vehicle bearing license plate number HZN3718, Pennsylvania, in operating the vehicle when he was unfit and unqualified to do so.

32.    That by reason of the foregoing, plaintiff, MORGAN COURTNEY WANG, sustained severe and permanent injuries to her head, limbs, and body, including, but not limited to, paraparesis, surgical intervention, a severe shock to her nervous system, certain internal injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and the plaintiff, MORGAN COURTNEY WANG, has been caused to be confined to hospital, bed and home as a result thereof, and has been forced to abstain from the duties of her vocation, and has expended or will become obligated to expend sums of money for medical expenses.

33.    That by reason of the foregoing, defendant, NEIL N. SEXTON, is liable to

5

plaintiff for punitive and exemplary damages.

34.     That by reason of the foregoing, plaintiff, MORGAN COURTNEY WANG,

sustained a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

35.     That by reason of the foregoing, plaintiff, MORGAN COURTNEY WANG, has

sustained economic loss greater than basic economic loss as defined in §5102 of the Insurance

Law of the State of New York.

36.     It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is

exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided

in CPLR 1602, including but not limited to, CPLR 1602(6), on the grounds that defendants were

negligent in their use, operation and ownership of a motor vehicle, and CPLR 1602(7), on the

grounds that defendants acted in reckless disregard for the safety of others.

37.     That the amount of damages sought exceeds the jurisdictional limits of all lower

courts which would otherwise have jurisdiction.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

38.     The plaintiff repeats, reiterates, and realleges each and every allegation contained

in those paragraphs of this complaint marked "1" through "37" inclusive, with the same force and

effect as if fully set forth at length herein.

39.     Upon information and belief, on August 20, 2012, and for sometime prior thereto,

defendant, NEIL N. SEXTON, was unfit and unqualified to operate a motor vehicle.

40.     Upon information and belief, that at all times herein mentioned, defendants, their

agents, servants and employees knew or should have known defendant NEIL N. SEXTON was

unfit and unqualified to operate a motor vehicle.

6

41.     Upon information and belief, that at all times herein mentioned, defendants, their agents, servants and employees could have reasonably anticipated that defendant, NEIL N. SEXTON's unfitness and lack of qualification to operate a vehicle would be likely to result in injury to others.

42.     Upon information and belief, that at all times herein mentioned, defendants, their agents, servants and employees knew or should have known of defendant, NEIL N. SEXTON's unfitness and lack of qualification to operate a vehicle which rendered defendant, NEIL N. SEXTON's use of the vehicle likely to create an unreasonable risk of harm to others.

43.     The harm sustained by plaintiff was a result of defendants, their agents, servants and employees negligently and recklessly entrusting the aforesaid vehicle to defendant, NEIL N. SEXTON.

44.     That by reason of the foregoing, defendants are liable to plaintiff for punitive and exemplary damages.

45.     It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(6), on the grounds that defendants were negligent in their use, operation and ownership of a motor vehicle, and CPLR 1602(7), on the grounds that defendants acted in reckless disregard for the safety of others.

46.     That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

47.     The plaintiff repeats, reiterates, and realleges each and every allegation contained

7

in those paragraphs of this complaint marked "1" through "46" inclusive, with the same force and effect as if fully set forth at length herein.

48. Following the crash on August 20, 2012, defendant, NEIL N. SEXTON, engaged in a campaign to harass, coerce, isolate and humiliate plaintiff, MORGAN COURTNEY WANG, including telling people that she accused him of committing rape.

49. Upon information and belief, that from on or about August 20, 2012, and continuing, the conduct of defendant NEIL N. SEXTON toward plaintiff was so outrageous and extreme that it exceeded all reasonable bounds of decency.

50. Upon information and belief, that at all times herein mentioned, defendant NEIL N. SEXTON intentionally caused, and/or recklessly disregarded a substantial probability of causing, severe emotional distress by engaging in a deliberate, malicious and persistent campaign of harassment and intimidation toward the plaintiff.

51. That by reason of the foregoing, plaintiff, MORGAN COURTNEY WANG, sustained severe and permanent injuries including, but not limited to, severe emotional distress and mental anguish, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and the plaintiff, MORGAN COURTNEY WANG, has been caused to be confined to hospital, bed and home as a result thereof, and has been forced to abstain from the duties of her vocation, and has expended or will become obligated to expend sums of money for medical expenses.

52. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(6), on the grounds that defendants were

8

negligent in their use, operation and ownership of a motor vehicle, CPLR 1602(5), on the grounds that the cause of action requires proof of intent, CPLR 1602(7), on the grounds that defendants acted in reckless disregard for the safety of others, and CPLR 1603(11) in that defendant acted intentionally to cause the act upon which liability is based.

53. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants for compensatory, punitive and exemplary damages on the first, second and third causes of action together with interest, costs and disbursements of this action.

Dated: New York, New York
June 11, 2013

Yours, etc.,
GAIR, GAIR, CONASON, STEIGMAN,
MACKAUF, BLOOM & RUBINOWITZ
Attorneys for Plaintiff

_____
BEN B. RUBINOWITZ
80 Pine Street, 34th Floor
New York, New York 10005
(212) 943-1090

9

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF NEW YORK )

        BEN B. RUBINOWITZ, attorney at law licensed to practice in the courts of New York State, states that affirmant is a member of the firm of Gair, Gair, Conason, Steigman, Mackauf, Bloom & Rubinowitz, attorneys for the plaintiff in the within action; that affirmant has read the foregoing:

VERIFIED COMPLAINT

and knows the contents thereof; that the same is true to affirmant's own knowledge except as to those matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes them to be true.

        Affirmant further states that the reason this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County wherein affirmant maintains his office.

        The grounds of affirmant's belief are investigation and data in affirmant's possession and consultations had with the plaintiff.

        The undersigned affirms that the following statements are true under penalty of perjury.

Dated: New York, New York
       June 11, 2013

                                     _____
                                     BEN B. RUBINOWITZ

10

# EXHIBIT B

At Trial Term, Part 55 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse thereof,
located at 80 Centre Street, New York,
NY, on the 12th day of January 2018.

PRESENT:

HON. JAMES d'AUGUSTE,

Justice.

-------------------------------------------------------------------X

MORGAN COURTNEY WANG,                                       ***JUDGMENT***

                                        Plaintiff,          Index No. 155406/13

                                                            Plaintiff's Address:
                                                            One River Place, Apt. 912
              -against-                                      New York, NY 10036

NEIL N. SEXTON, PV HOLDING CORP., AVIS                      Defendants' Addresses:
BUDGET CAR RENTAL, LLC, and BUDGET RENT                     *Neil N. Sexton*
A CAR SYSTEM INC.                                           8 Troy Street
                                                            Nashua, NH 03064
                                        Defendants
                                                            *PV Holding Corp.*
                                                            c/o Corporation Service Company
-------------------------------------------------------------------X  80 State Street
                                                            Albany, New York 12207

                                                            *Avis Budget Car Rental, LLC*
                                                            c/o Corporation Service Company
                                                            80 State Street
                                                            Albany, New York 12207

                                                            *Budget Rent A Car System, Inc.*
                                                            c/o Corporation Service Company
                                                            80 State Street
                                                            Albany, New York 12207

        The parties having entered into a stipulation dated April 22, 2015 discontinuing the above-

entitled action against the defendants, PV HOLDING CORP., c/o Corporation Service Company,

80 State Street, Albany, New York, 12207, AVIS BUDGET CAR RENTAL, LLC, c/o Corporation Service Company, 80 State Street, Albany, New York, 12207, and BUDGET RENT A CAR SYSTEM INC., c/o Corporation Service Company, 80 State Street, Albany, New York, 12207, and the Court having granted plaintiff summary judgment with respect to liability against the defendant, NEIL N. SEXTON on June 9, 2015 and the case as against defendant, NEIL N. SEXTON having come for trial before Honorable James d'Auguste and a jury, at a Trial Term of the Supreme Court of the State of New York, County of New York, at the Courthouse thereof, on September 14, 15, 18, 19, 20, 26, 27 and 28, 2017; and the plaintiff, MORGAN COURTNEY WANG, One River Place, Apt. 912, New York, NY 10036, having appeared by her attorney Ben B. Rubinowitz, Esq. of the firm of Gair, Gair, Conason, Rubinowitz, Bloom, Hershenshorn, Steigman & Mackauf, 80 Pine Street, New York, NY 10005, and the defendant, NEIL. N SEXTON, 8 Troy Street, Nashua, NJ 03064, having appeared by his attorney Grant M. Meisels, Esq. of the firm of Rubin, Fiorella & Friedman, LLP, 630 Third Avenue, 3rd Floor, New York, NY 10017, and

The jury having rendered a verdict on the 28th day of September, 2017 in favor of the plaintiff and against the defendant, NEIL N. SEXTON and awarding the plaintiff, MORGAN COURTNEY WANG the sum of $5,000,000.00 for past pain and suffering, the sum of $6,000,000.00 for future pain and suffering, such future sum to compensate the plaintiff for 52 years, and the sum of $60,000,000.00 for future medical expenses, such future sum to compensate the plaintiff for 52 years,

NOW, on motion of Gair, Gair, Conason, Rubinowitz, Bloom, Hershenshorn, Steigman & Mackauf, counsel for plaintiffs, 80 Pine Street, New York, NY 10005, it is

ADJUDGED, that the plaintiff, MORGAN COURTNEY WANG, recover and have

-2-

judgment against the defendant, NEIL N. SEXTON., as follows: the sums of **$5,000,000.00** for past pain and suffering, and **$250,000.00** for future damages to be paid in a lump sum making a total lump sum payment of **$5,250,000.00**, inclusive of attorneys' fees and disbursements; and it is further

ADJUDGED, that the defendant, NEIL N. SEXTON, is directed to purchase and pay for a 10-year annuity contract, for future pain and suffering, which pays MORGAN COURTNEY WANG **$398,151.53** for the first year, to be paid in monthly installments, increased at 4%, compounded annually, for 10 years and payable only if Morgan Wang is alive. The present value of said periodic payments was determined using a discount rate of 2.31%; and it is further

ADJUDGED, that the defendant, NEIL N. SEXTON, is directed to purchase and pay for a 52-year annuity contract, for future medical expenses, which pays MORGAN COURTNEY WANG **$766,317** for the first year, to be paid in monthly installments, increased at 4%, compounded annually, for 52 years and payable only if Morgan Wang is alive. The present value of said periodic payments was determined using a discount rate of 3.54%; and it is further

ADJUDGED, that the annuity contracts are to be issued by a carrier designated as qualified by the Superintendent of Insurance to be approved by the Court; and it is further

ADJUDGED, that the attorneys' fee on the present value of the future periodic payments is in the sum of **$24,503,537.67**, which is to be paid in a lump sum by the defendant, NEIL N. SEXTON, to Gair, Gair, Conason, Rubinowitz, Bloom, Hershenshorn, Steigman & Mackauf plus $5,830,499.21 interest at a rate of 9% per year in the amount of _____ from the date summary judgment was granted, June 9, 2015, ; and it is further

ADJUDGED, that the plaintiff, MORGAN COURTNEY WANG, recover against the

-3-

defendant, NEIL N. SEXTON, interest on the entire award, damages to be paid in a lump sum

(**$5,250,000.00**) inclusive of attorneys' fees _____, and present value of periodic

payments on future damages (**$49,007,075.33**) _____ at a rate of 9% per year from the date

interest on said sums in

summary judgment was granted, June 9, 2015; and it is further, the amount of

n $12,910,210.94

ADJUDGED, that the plaintiff, MORGAN COURTNEY WANG recover against the

$1,100.00

defendant, NEIL N. SEXTON, the sum of _____ for costs and disbursements as taxed

by the Clerk; and it is further

ADJUDGED that defendants, PV HOLDING CORP., AVIS BUDGET CAR RENTAL,

LLC, and BUDGET RENT A CAR SYSTEM INC have judgment against the plaintiff,MORGAN

COURTNEY WANG .

Dated: New York, New York
       January 12, 2018

                                                    ENTER:

                                                    J.S.C.  HON. JAMES E. d'AUGUSTE

                                                    Milton A. Tingling
                                                         Clerk

                                    FILED

                                    JAN 29 2018

                              COUNTY CLERK'S OFFICE
                                    NEW YORK

                                        -4-


SUPREME   COURT
COUNTY OF NEW YORK

MORGAN COURTNEY WANG,

*Plaintiff(s)*

against

NEIL N. SEXTON, PV HOLDING CORP., AVIS
BUDGET CAR RENTAL, LLC and BUDGET RENT
A CAR SYSTEM, INC.

*Defendant(s)*

**Costs of** PLAINTIFF

Index No.:155406/2013

**COSTS**

| | $ | |
|---|---|---|
| Costs before note of issue .............. CPLR §8201 subd. 1 | $200 | 00 |
| Costs after note of issue .............. CPLR §8201 subd. 2 | $200 | 00 |
| Trial of issue .............. CPLR §8201 subd. 3 | $300 | 00 |
| Allowance by statute.............. CPLR §8302(a), (b) | | |
| Additional allowance.............. CPLR §8302 (d) | | |
| Motion costs .............. CPLR §8202 | | |
| Appeal to Appellate Term .............. CPLR §8203 (b) | | |
| Appeal to Appellate Division .............. CPLR §8203 (a) | | |
| Appeal to Court of Appeals .............. CPLR §8204 | | |
| Costs upon frivolous claims and counterclaims .............. CPLR §8303-a | | |

**DISBURSEMENTS**

| | $ | |
|---|---|---|
| Fee for index number CPLR §8018(a) .............. | $210 | 00 |
| Referee's fees CPLR §8301(a)(1), 8003(a) .............. | | |
| Commissioner's compensation CPLR §8301(a)(2).............. | | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | | |
| Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) | | |
| Paid for searches CPLR §8301(a)(10) .............. | | |
| Affidavits & acknowledgments CPLR §8009 .............. | | |
| Serving copy summons & complaint CPLR §8011(h)(1), 8301(d) | | |
| Request for judicial intervention.............. | $95 | 00 |
| Note of issue CPLR §8020(a) .............. | $30 | 00 |
| Paid referee's report CPLR §8301(a)(12).............. | | |
| Certified copies of papers CPLR §8301(a)(4).............. | | |
| Satisfaction piece CPLR §5020(a), 8021 .............. | | |
| Transcripts and filing CPLR §8021 .............. | | |
| Certified copy of judgment CPLR §8021 .............. | | |
| Postage CPLR §8301(a)(12).............. | | |
| Jury fee CPLR §8020(c) .............. | $65 | 00 |
| Stenographers' fees CPLR §8002, 8301 .............. | | |
| Sheriff's fees on execution CPLR §8011, 8012 .............. | | |
| Sheriff's fees, attachment, arrest, etc. CPLR §8011 .............. | | |
| Paid printing cases CPLR §8301(a)(6) .............. | | |
| Clerk's fees Court of Appeals CPLR §8301(a)(12) .............. | | |
| Paid copies of papers CPLR §8016(a)(4).............. | | |
| Motion expenses CPLR §8301(b) .............. | | |
| Fees for publication CPLR §8301(a)(3) .............. | | |
| Serving subpoena CPLR §8011(h)1, 8301(d).............. | | |
| Paid for Search CPLR §8301(a)(10) .............. | | |
| .............. | | |
| Referee's report .............. | | |
| Attendance of witnesses CPLR §8001(a)(b)(c), 8301(a)(1) .... | | |

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 1,100 .

JAN 29 2018

CLERK

| Costs.............. | $700 | 00 |
|---|---|---|
| | $400 | 00 |
| DISBURSEMENTS.............. | | |

$400 | 00

2:21-ap-00174-EPB   Doc 11   Filed 11/23/21   Entered 11/23/21 17:29:11
Main Document   Page 28 of 30
5 of 7

State of New York, County of                          ss.:

being duly sworn, deposes and says; that deponent is not a
party to the action, is over 18 years of age and resides at

That on
deponent served the within bill of costs and notice of taxation on

attorney(s) for
herein, at his/her office at

during his/her absence from said office
**strike out either (a) or (b)**
(a)   by then and there leaving a true copy of the same with

his/her clerk; partner; person having charge of said office.

(b)   and said office being closed, by depositing a true copy of
same, enclosed in a sealed wrapper directed to said attorney(s), in
the office letter drop or box.

Sworn to before me on

State of New York, County of  New York          ss.:
Tiffany A. Deas
being duly sworn, deposes and says; that deponent is not a
party to the action, is over 18 years of age and resides at
New York County
That on   January 17, 2018
deponent served the within bill of costs and notice of taxation on
Grant Meisels, Esq.
Rubin Fiorella & Freidman, LLP
attorney(s) for Defendants
at  630 Third Avenue, 3rd Fl.
     New York, NY 10017
the address designated by said attorney(s) for that purpose by
depositing a true copy of same enclosed in a postpaid properly
addressed wrapper, in—a post office—official depository
under the exclusive care and custody of the United States Postal
Service within New York State.

*Index No.* 155406/2010

SUPREME        COURT

COUNTY OF  NEW YORK

MORGAN COURTNEY WANG,

*Plaintiff (s)*

*against*
NEIL N. SEXTON, PV HOLDING CORP., AVIS
BUDGET CAR RENTAL, LLC and BUDGET RENT
A CAR SYSTEM INC.,

*Defendant(s)*

# Bill of Costs
## and Notice of ................. Taxation

Please Take Notice that the within is a true copy of the
items of costs and disbursements in the within action
*taxed\**        *and that the same will be taxed\**
by the Clerk of  NEW YORK COUNTY
Court, at his/her office in the courthouse thereof on
January 26, 2018          at 2:00 P M.
of that day—and the amount inserted in the judgment.
          Yours, etc.
GAIR GAIR CONASON RUBINOWITZ BLOOM
HERSHENHORN STEIGMAN & MACKAUF
          *Attorney(s) for* Plaintiff
80 PIne Street, 34th Fl., New York, NY 10005
(212) 943-1090
To: Rubin Fiorella & Freidman LLP
     630 Third Avenue, 3rd Fl.
     New York, NY 10017
     (212) 953-2381
          *Attorney(s) for* Defendants

Service of the within bill of costs and notice of taxation is
hereby admitted on

Dated:
January 17, 2018

RICHARD M. STEIGMAN

STATE OF NEW YORK, COUNTY OF                          ss.

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that I am

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

155406/13

Judgment and Bill of costs

Plaintiff's attorney
212-943-1090.

(-)
FILED AND
DOCKETED

JAN 29 2018
AT 4:35 P'M
N.Y., CO. CLK'S OFFICE