Chris D. Barski (024321)
**BARSKI LAW PLC**
9375 E. Shea Blvd., Suite 100
Scottsdale, AZ 85260
Tel: (602) 441-4700
Fax: (602) 680-4305
cbarski@barskilaw.com
*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| NEIL N. SEXTON, | Case No. 2:21-bk-02123-EPB |
| Debtor. | |
| MORGAN COURTNEY WANG, | Adv. No. 2:21-ap-00174-EPB |
| Plaintiff, | **RESPONSE TO EMERGENCY MOTION FOR RULE 56(d) RELIEF** |
| v. | |
| NEIL N. SEXTON, | |
| Defendant. | |

Defendant, Neil Sexton, through undersigned counsel, submits the following Response to Plaintiff's Motion for Rule 56(d) Relief. As articulated below, Defendant's Motion for Summary Judgment ("MSJ") [DE 15] is predicated on the legal deficiencies in Plaintiff's Section 727 theories and the Section 523(a)(6) claim is categorically and indisputably resolved by reference to the additional trial court documents presented. Thus, Plaintiff's request for additional "discovery" is a flailing attempt to resurrect their baseless claims or just delay matters. Plaintiff should be required to respond to Defendant's Motion for Summary Judgment and any Rule 56(d) relief can be articulated therein. To the extent Plaintiff overcomes the legal deficiencies, they can thereafter conduct discovery at that point if allowed.

# MEMORANDUM OF POINTS AND AUTHORITIES

A. *Section 523(a)(6) Discovery is Not Necessary*

Debtor filed bankruptcy on March 25, 2021 seeking a fresh start. Plaintiff brought this action on June 25, 2021 and the summons was issued on June 28, 2021. Debtor filed a Motion to Dismiss on July 28, 2021. [DE 4]. Plaintiff filed a Response to the Motion to Dismiss on August 12, 2021. [DE 5]. Debtor filed a Reply on August 26, 2021. [DE 6]. A hearing was held on the Motion to Dismiss on November 2, 2021. The Court denied dismissal of the Section 523(a)(6) claim on the basis that a clearer record was needed and it should be presented as a summary judgment motion. Plaintiff was granted leave to correct the Section 727 allegations with an amended complaint. Plaintiff filed its First Amended Complaint on November 23, 2021. Despite continuing legal deficiencies in the pleadings, Debtor filed an Answer on December 13, 2021. [DE 12]. Defendant's Motion for Summary Judgment followed.

But now, nearly a year into these proceedings, and over four years after the New York verdict, Plaintiff is asking for more discovery. Specifically, they are asking to depose Defendant's New York trial counsel, Grant Meisels. Plaintiff asserts that this "may" create reasonable doubt as to what the jury found. But Defendant have now provided a full transcript of the day the jury came back with its verdict and Plaintiff's counsel, Mr. Rubinowitz, argued to overturn the jury verdict on the IIED claim. Mr. Meisels is not going to change that testimony before the New York judge. This is just a waste of time and serves no purpose but to delay matters. Mr. Meisels cannot testify to what the jury was thinking. He can only testify to what he heard which is accurately reflected in the trial transcript.

They have also asked to depose Mr. Meisels regarding the authenticity of the verdict sheet, jury instructions, and trial transcript. See Declaration at ¶ 16. This is again a waste. If Mr. Rubinowitz has an alternative explanation, Plaintiff can provide that. But Mr. Meisels is licensed attorney and is not going to submit fraudulent documents to this Court. He has already verified their authenticity. Further, the trial transcript is not from him. It is from the New York court and verified by the certified court reporter. That document speaks for itself.

Following the denial of Defendant's Motion to Dismiss, Defendant went to great lengths to obtain the transcript from the day of the jury verdict. This was done to create an exhaustive and unequivocal record before this Court. The transcript is clear that the jury came back and found Mr. Sexton liable for intentional conduct, but awarded no damages. (SOF ¶ 19).

Plaintiff's New York counsel, Mr. Ben Rubinowitz, brought a post-verdict motion with respect to the IIED claim. Specifically, Mr. Rubinowitz argued that the jury verdict on proximate cause should be "set aside … as against the weight of the credible evidence." (SOF ¶ 24).

Mr. Sexton's counsel argued against Plaintiff's motion:

> There was plenty of medical evidence produced at the time of trial, in the form of both testimonial evidence, and, they had a whole myriad, of boxes of documentary evidence for the jury to see, and, they determined that there was no, severe, emotional distress, which was caused by the conduct of the defendant, and, therefore, I believe that the motion should be denied at this time.

(SOF ¶ 25). The New York trial court rejected Mr. Rubinowitz's request and the jury verdict stood. *Id.* Further discovery will not change the clear and unequivocal testimony and supporting documents including the Judgment, jury verdict sheet, and sample jury instructions which all support the unequivocal fact that no damages were awarded on the IIED claim.

In summary, Plaintiff acknowledges that a Rule 56(d) motion must be more than "the object of pure speculation." Motion at 4 (citing *Cal. v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998)). Plaintiff's request on the Section 523(a)(6) inquiry is pure speculation and ignores the unequivocal evidence and frank common sense that she was not awarded $120,000,000 because her friends did not visit her in the hospital. Plaintiff's Rule 56(d) relief requested must be denied in full as to the Section 523(a)(6) claim.

B. <u>The Motion for Summary Judgment on Section 727(a)(3) is Based on Legal Issues and Not Factual DisputesNot Properly Pled and Factual Discovery is Not Relevant to Defendant's MSJ</u>

With respect to the 727(a) allegations, the Motion for Summary Judgment must be incorporated in full and doing so will conclude that it fails as a matter of law and are not dependent on any material factual issues. As set forth in the Motion for Summary Judgment, a plaintiff must establish two elements under 11 U.S.C. § 727(a)(3) in this context: "(1) that the debtor falsified financial records; and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994).

Plaintiff alleges that the debt to Debtor's parents related to educational expenses "constitutes falsification of recorded financial information," (Amended Complaint at Para. 65), and is a "sham." (Amended Complaint at Para. 66). Plaintiff has not alleged that this issue makes it impossible to ascertain the Debtor's financial condition as they are required to. Defendant's MSJ is predicated on this latter factor which was not pled.

In *In re Floyd*, 322 B.R. 205, 213 (Bankr. M.D. Fla. 2005), the bankruptcy court found that the creditor did not establish a valid cause of action under Section 727(a)(3) because they failed to show "it was impossible to ascertain the financial condition" of the debtor. *Id.* The financial condition of the debtor in that case, as in this case, was abundantly clear and there was no valid claim based upon this.

In this case, the MSJ on Section 727(a)(3) is predicated on the failure to plead the second element and the inability to satisfy that element even had it been properly pled. Ms. Wang does not contend in the First Amended Complaint that the promissory note makes it impossible to ascertain the financial condition of Mr. Sexton. That allegation is nowhere in the First Amended Complaint. Nor can it even credibly be pled. Ms. Wang has been garnishing the Debtor's wages for three years and is well-aware that he has routinely made between $85,000 and $90,000 annually. Ms. Wang is owed approximately $120,000,000. Nobody should have any trouble determining the Debtor's financial condition given these figures. Mr. Sexton's financial condition is as dire as they come. He will never be able to pay a dollar of principal to Plaintiff given the interest accruing on the Judgment. Additional

discovery will not change the self-evident nature of the Debtor's financial condition. Further discovery is a waste of time.

C. *The Loan(s) From Debtor's Parents for Education and Support Are Not Material in the Context of this Case*

[T]o deny a debtor discharge under this section, a plaintiff must prove by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010).

Defendant's MSJ is not predicated on the validity of the loans from his father when he was attending Cornell. Plaintiff cites the clerical error in the New Jersey bankruptcy filing which omitted to list the Debtor's obligations to his parents. This alone would likely create a factual issue to avoid summary judgment if the other elements were satisfied. Instead, Defendant's MSJ challenges the fifth element – materiality – of this issue given the context of this case.

Plaintiff has not pled that the student loan promissory note is material. "A fact is material 'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" Conversely, "a false statement or omission that has no impact on a bankruptcy case is not material and does not provide grounds for denial of a discharge under § 727(a)(4)(A)." *In re Page*, 568 B.R. 687, 701 (Bankr. Alaska 2017). In denying the creditors objection to discharge, Judge Spraker held that "[i]n sum, the debtor made mistakes in his schedules. Many, if not most, debtors do. But mistakes alone do not warrant denial of discharge. These mistakes were innocently made, and *de minimis* in the context of this case."

Plaintiff has offered no evidence showing any impact on the estate, the case trustee, or creditors and further discovery will not aid in explaining why the student loan debt is material in relation to the large personal injury judgment. Moreover, Plaintiff cannot provide any case authority that the characterization of a single scheduled debt, however important, is ever a

sufficient basis standing alone to deny a discharge. Debtor's entire student loan debt is approximately one or two weeks of interest accruing on the judgment to Ms. Wang. In just the time this Rule 56(d) motion was pending, more interest has accrued on the personal injury debt than the entirety of the college expense totals. It is not material when put in context. Further discovery will not resolve the materiality of the student loans. Plaintiff should be required to articulate why the student loan is material in the context of her debt as part of a summary judgment response.

Thus, deposing the Debtor or his father over the college loan expenses is a red herring. It will not help Plaintiff articulate why this is material in the context of the significant personal injury judgment. Materiality can be argued and presented by counsel in a response to the MSJ. If they are able to establish materiality, they can then conduct discovery on the validity of the debt as this would likely remain a triable issue of fact.

## I. CONCLUSION

For these reasons, Mr. Sexton respectfully requests the Court deny Plaintiff's requested Rule 56(d) relief and Plaintiff be required to respond to the MSJ. There is no basis for additional discovery on the Section 523(a)(6) claim in light of the trial transcript and other supporting documents. And the 727 allegations are predicated on strict legal issues and not factual issues that warrant further discovery at this time.

DATED this February 2, 2022.

**BARSKI LAW PLC**

By: /s/ Chris Barski
Chris D. Barski

ORIGINAL of the foregoing electronically
filed this 2nd day of February, 2022, with:

Clerk of U.S. Bankruptcy Court, District of Arizona
https://ecf.azb.uscourts.gov

COPY of the foregoing e-mailed this same date, to:

Andrew A. Harnish, Esq.
May, Potenza, Baran & Gillespie P.C.
201 N. Central Ave., 22nd Floor
Phoenix, AZ 85004
aharnish@maypotenza.com
*Attorney for Plaintiff*

By: /s/ Danae Romero